### ERDE v. FENSTER et al.

(Supreme Court, Appellate Term, Second Department.   May 23, 1913.)

FRAUD (§§ 50, 59*)—DAMAGES—EVIDENCE.

    For any fraud of defendant, who purchased plaintiff's claim against W. for one-third of its face, on representation that W. had nothing, recovery can be had only of the ratable amount that plaintiff, with the other creditors of W., could have obtained by proceedings against W. at that time, which amount plaintiff must show; there being no presumption that W. was good for his bills.

    [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 46, 47, 60–62, 64; Dec. Dig. §§ 50, 59.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Benjamin Erde against Isaac Fenster and Nathan Weiss. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued May term, 1913, before CRANE, KAPPER, and KELBY, JJ.

Charles Frankel, of New York City, for appellant.

Goetz & Jacoby, of New York City (Isador Goetz, of New York City, of counsel), for respondents.

PER CURIAM. Even assuming that the plaintiff established fraud, this judgment must be reversed, because the damage allowed is not sustained by the evidence.

Nathan Weiss had a bakery at 104 Suffolk street, in Manhattan, carrying on a retail and wholesale trade. How extensive the business was or the income therefrom does not appear; the only evidence of value being a statement made to a third party by one of the defendants that it was worth about $2,500. In the partnership papers hereafter mentioned it is given as $2,000. However this may be, on May 10, 1912, Weiss was insolvent, as he owed about $3,200 and had a place worth, according to this slim and only evidence, $2,000. His largest creditor was the defendant, Isaac Fenster, to whom he owed $1,900, and to the plaintiff he owed $572.25.

About May 10th Weiss took in one Anstreick as a half partner, who put up $300, and a few days later gave him a bill of sale, wherein it was recited that Weiss was to be retained as an employé, which was contradictory of their partnership agreement. There was evidence from which it might have been found that this was in fraud of creditors. Enough came to the knowledge of the creditors to create suspicion, and the plaintiff consulted his lawyer as to putting Weiss into

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankruptcy. He testifies that Weiss and the defendant Fenster assured him that the business had been transferred to Anstreick for $1,000 cash payment and $500 mortgage, and that of this amount Weiss had nothing left. If the business was of much greater value, the whole transaction might have been set aside for fraud; but the plaintiff apparently did not then see anything strikingly wrong in the assignment or grossly inadequate in the consideration.

Fenster was known to him to be a creditor also, and he says that at a meeting of the creditors Fenster falsely asserted that Weiss had nothing, and offered to take assignments of claims, including the plaintiff's, at 35 per cent. of their face value, and that he, relying upon this false representation, assigned his account to Fenster for $200.21. That Fenster knew his statements to be false the plaintiff proves by showing that the partnership with and transfer to Anstreick were induced and financed by Fenster. But no one seems to have inquired of the plaintiff what he supposed the principal creditor was buying up claims for against a worthless creditor who he said had nothing, and paying out for them his cash to the extent of 35 per cent. of their face value. The plaintiff must have known more than he has stated. And it seems hardly credible that the defendant Fenster would assert the property of his debtor and then offer over one-third for claims against him.

However this may be, assuming that Fenster was guilty of fraud, how much was the plaintiff damaged, and has he proved any damage? The trial judge allowed him the full amount of his claim. Under no circumstances could he have recovered so much, had he proceeded against his debtor. Fenster's fraud, if any, cannot give him more than he otherwise could have obtained. If Fenster had not interfered at all, Weiss would have gone into bankruptcy, and then, allowing that the partner's one-half interest could have been brushed aside, the assets from the business would only have been $1,500 to $2,000; if the cost and expenses of the proceeding were deducted, not even that. To cancel $3,200 of debts would have allowed about 50 cents on the dollar, and yet the plaintiff has been given the full amount of his claim. Other creditors similarly situated as the plaintiff accepted 35 per cent. from Fenster and assigned to him their accounts. If they are also to recover, like the plaintiff, this defendant may be obliged to pay out more money than the value of defendant Weiss' business. The plaintiff, at most, could only recover the ratable amount he could have obtained with all the creditors on the day of the sale to Anstreick, or the day of the purchase of his account by Fenster.

The burden was on the plaintiff to prove his damage; there was no presumption that Weiss was good for his bills. It looks very much as if the creditors, in accepting 35 per cent., received about 'as much as they would have collected through the bankruptcy court.

For these reasons, the judgment must be reversed, and a new trial granted; costs to abide the event.